

**Service of Process Transmittal**
02/05/2019
CT Log Number 534868388

| | |
|---|---|
| TO: | Rob Lesesne<br>American Electric Power Service Corporation<br>1201 Elm St Ste 800<br>Dallas, TX 75270-2003 |
| RE: | **Process Served in Texas** |
| FOR: | AEP Texas Inc.  (Domestic State: DE) |

# Exhibit 2

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | SERGIO MEDRANO, Pltf. vs. AEP TEXAS, INC, Dft. |
| DOCUMENT(S) SERVED: | Notice, Petition |
| COURT/AGENCY: | HIDALGO COUNTY COURT, TX<br>Case # CL190387G |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition - 02/09/2017 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Courier on 02/05/2019 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service |
| ATTORNEY(S) / SENDER(S): | J. MICHAEL MOORE<br>THE MOORE LAW FIRM<br>4900 North 10th Street, Suite E-2<br>McAllen, TX 78504<br>(956) 631-0745 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 02/06/2019, Expected Purge Date: 02/11/2019<br><br>Image SOP<br><br>Email Notification,  Dave Laing  dalaing@aep.com<br><br>Email Notification,  Rob Lesesne  rhlesesne@aep.com<br><br>Email Notification,  Jennifer Thacker  jmthacker@aep.com |
| SIGNED:<br>ADDRESS:<br><br><br><br>TELEPHONE: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Align top of FedEx Express® shipping label here.

```
ORIGIN ID:MFEA  (956) 802-2900      SHIP DATE: 04FEB19
MARILYN STROUD                      ACTWGT: 0.20 LB
                                    CAD: 006894509/SSFE1822
1407 CANDY LN

EDINBURG, TX 78539                  BILL CREDIT CARD
UNITED STATES US
```

TO **AEP TEXAS INC**
**C/O CT CORPORTATION SYSTEM**
**1999 BRYAN ST**
**STE 900**
**DALLAS TX 75201**
(330) 438-7089      REF:

FedEx Express

TUE – 05 FEB 3:00P
TRK# 7853 1191 8721   **STANDARD OVERNIGHT**
0201

**AD KIPA**                         75201
                                 TX-US DFW



Electronically Submitte
1/23/2019 8:59 A
Hidalgo County Cle
Accepted by: Ester Espinoz

**CAUSE NO. CL-19-0387-G**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To: AEP TEXAS, INC.
CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TEXAS 75201
OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND.

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 17th day of January, 2019 in this Cause Numbered CL-19-0387-G on the docket of said Court, and styled,

**SERGIO MEDRANO**
**vs.**
**AEP TEXAS, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition And Request For Disclosures accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
J. MICHAEL MOORE
THE MOORE LAW FIRM
4900 NORTH 10TH ST SUITE F-3
MCALLEN TX 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 23rd day of January, 2019.



ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #7

BY _____ DEPUTY
ESTER C. ESPINOZA

Electronically Submitte
1/23/2019 8:59 AI
Hidalgo County Clei
Accepted by: Ester Espinoz

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____    By: _____
    CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____    By: _____
    CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Marilyn Stroud / 380
    Server         SCH #

2-4-19 _____
   Date      Time

Electronically Submitted
1/17/2019 4:08 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CAUSE NO.: CL-19-0387-G

| | | |
|---|---|---|
| SERGIO MEDRANO<br>*Plaintiff,* | §<br>§<br>§ | IN THE COUNTY COURT |
| Vs. | §<br>§ | AT LAW NO. _____ |
| AEP TEXAS, INC.<br>*Defendant.* | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

NOW COMES SERGIO MEDRANO (hereinafter referred to as "PLAINTIFF"), and files this Plaintiffs' Original Petition, complaining of and about Defendant, **AEP TEXAS, INC.**, (hereinafter sometimes referred to as "AEP"); and for cause of action shows unto the Court the following:

**I.
DISCOVERY CONTROL PLAN & RULE 47 STATEMENT**

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.4 because this suit involves monetary relief over $200,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest.

2. Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiffs state that they seek monetary relief over $100,000.00, but not more than $200,000.00. Tex. R. Civ. P. 47(c)(3). Plaintiffs reserve the right to either file a trial amendment or an amended pleading on the issue of damages if subsequent evidence shows that the range of damages is either too high or too low.

CL-19-0387-G

## II.
## PARTIES AND SERVICE

3.  Plaintiff Sergio Medrano is an individual who resides in Cameron County, Texas.

4.  Defendant AEP TEXAS, INC. (hereinafter referred to as AEP), is a Delaware Corporation doing business in and maintaining agents and agencies and its principal place of business within the State of Texas. Said Defendant may be served herein by serving a copy of this petition and citation upon its registered agent for service of process: **CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION AND VENUE

5.  Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages within the jurisdictional limits of the District Courts of the State of Texas, and this Court has personal jurisdiction over Defendant as set out above.

6.  Jurisdiction would not be proper in federal court as there is no diversity of citizenship between the Plaintiffs and the Defendant in this case for the reason that both Plaintiffs and Defendant reside in Hidalgo County, Texas. Moreover, Plaintiffs is not asserting any claims or causes of action based on federal statutes, treaties, or laws. Plaintiffs expressly disavow any federal claims or causes of action. Moreover, this lawsuit asserts no claims against the United States, nor does it involve any claims based on maritime law.

7.  The court has jurisdiction over this matter, and venue is proper in Hidalgo County, Texas, pursuant to Section 15.002(a)(1) & (2) of the Texas Civil Practices and Remedies Code, because Hidalgo County is a county in which a substantial part of the omissions giving rise to the underlying claim occurred and where Defendant maintains

Case 7:19-cv-00059 Document 1-3 Filed on 02/22/19 in TXSD Page 7 of 11

Electronically Submitted
1/17/2019 4:08 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CL-19-0387-G

their corporate office and are resident entity of Hidalgo County, Texas; therefore, venue is proper in Hidalgo County, Texas pursuant to Section 15.002(a)(3) of the Texas Civil Practices and Remedies Code.

## IV
## BACKGROUND FACTS

8. On or about February 9th, 2017, Plaintiff was performing excavation work at the direction of his employer, Moor-Wil, in a field located along S. Schuerbach Rd, Mission, Texas, at approximately the 1600 block when he received an electrical injury as a result of coming in contact with an AEP energized line. Prior to commencing work, Plaintiff's employer contacted AEP requesting that the area and lines be de-energized during the work activity. AEP failed to do so, which was a producing and proximate cause of the injuries and damages sustained by Plaintiff.

## V
## CAUSES OF ACTION AGAINST AMERICAN ELECTRIC POWER

9. Defendant AEP, committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the injuries and damages to the Plaintiff.

10. Defendant AEP is liable to Plaintiff for failing to de-energize the lines as requested by Plaintiff's employer, which posed an unreasonable risk of harm, injury and/or death to the Plaintiff and his co-workers. The failure to de-energize the electrical lines constituted both negligence and negligence per se.

11. Alternatively, Defendant AEP failed to take reasonable and prudent measures to secure its power lines and minimize risks posed to workers at the subject site. On information and belief, Defendant AEP was notified that construction work had been

Case 7:19-cv-00059 Document 1-3 Filed on 02/22/19 in TXSD Page 8 of 11

Electronically Submitted
1/17/2019 4:08 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CL-19-0387-G

undertaken in the days and weeks preceding the subject incident, and was requested to de-energize the lines located in the field along S. Schuerbach Rd., in Mission, Texas. Based upon this notice, AEP had a duty to take reasonable measures to inspect and prevent exposure of the workers to those risks posed by the electrical lines. Defendant AEP's failure to take any measures to secure the line was a direct and proximate cause of Plaintiff's severe personal injuries in addition to other damages.

12. Defendant AEP's conduct referenced above was grossly negligent, as defined by Section 41.003 of the Texas Civil Practice & Remedies Code, because it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and because AEP, which has been in the business of installing and maintaining power lines for years, had actual and subjective awareness of the risks, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. The gross negligence of AEP was a proximate cause of Plaintiffs' damages.

## VI.
## DAMAGES

14. As a proximate cause of Defendant's violations and the occurrence made the basis of this suit and acts of Defendant described herein Plaintiff was caused to suffer damages and has incurred the following damages:

a) The physical pain and suffering incurred by Plaintiff, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

b) The mental anguish suffered by Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

c) The physical impairment suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

Case 7:19-cv-00059 Document 1-3 Filed on 02/22/19 in TXSD Page 9 of 11

Electronically Submitted
1/17/2019 4:08 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CL-19-0387-G

d) The physical disfigurement suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and in the future;

e) The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiffs' injuries which plaintiffs has incurred up to the time of trial;

f) The reasonable medical expenses and life care needs of Plaintiff necessary to treat his injuries and sustain him for the remainder of his life which in all reasonable medical probability will be incurred in the future; and

g) The loss of enjoyment of life, which will in all reasonable probability continue in the future.

## VI.
### EXEMPLARY DAMAGES

15. The acts and/or omissions described above involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual and subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others, including Plaintiffs. Such acts and/or omissions constitute gross negligence. Accordingly, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and Article 16, Section 26 of the Texas Constitution, Plaintiffs seek to recover exemplary damages from Defendant.

## VII.
### PRE- AND POST-JUDGEMENT INTEREST

16. Plaintiffs seeks recovery of such pre-judgment and post-judgment interest as permitted by law.

CL-19-0387-G

## VIII.
## RESERVATION OF RIGHTS

17. Plaintiffs reserve the right to prove the amount of damages, both general and special, at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery.

## IX.
## REQUEST FOR JURY TRIAL

18. Plaintiffs, in accordance with Rule 216 of the Texas Rules of Civil Procedure, request a trial by jury and notifies all parties and the Court that a jury fee has been paid.

## X.
## CONDITIONS PRECEDENT

19. All conditions precedent to Plaintiffs' right to recover herein has been performed or has occurred.

## XI.

## REQUESTS FOR DISCLOSURE TO DEFENDANT, AEP TEXAS, INC.

20. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant, AEP TEXAS, INC., disclose within fifty days (50) of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.
## PRAYER

20. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sergio Medrano, respectfully prays that upon final hearing of this matter, that the Court render a judgment on the verdict of the jury in favor of Plaintiff and against Defendant, AEP Texas, Inc., for: actual damages (both general and special), pre- and post-judgment interest at the highest

Case 7:19-cv-00059 Document 1-3 Filed on 02/22/19 in TXSD Page 11 of 11

Electronically Submitted
1/17/2019 4:08 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CL-19-0387-G

lawful rate, and for all such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled by this pleading or proper amendment thereto.

Respectfully submitted,

THE MOORE LAW FIRM
4900 North 10th Street, Suite E-2
McAllen, Texas 78504
Telephone: (956) 631-0745
Telecopier: (866) 266-0971
Email: lit-docket@moore-firm.com

By: */s/ J. Michael Moore*
J. MICHAEL MOORE
State Bar No. 14349550
Attorney for Plaintiff